# LOWENBACK

*v.*

## SWITZER.

(*Supreme Court of Appeals of Virginia, Nov. 21, 1878.*)

### Action for Nuisance—Case at Bar.*

Where the plaintiff knew at the time. of his purchase from the defendant, who was a joint tenant with another, that the stream running through the land had been partially polluted by a tannery upon the lands of the defendant and also that a new and enlarged steam tannery was being erected, and with such knowledge he proceeds with the execution of his contract by continuing in possession of the property, making all of the payments, and finally, after the lapse of three years receives a deed for the land, he cannot afterwards complain that said tannery is a nuisance and thereby obtain compensation in damages from the defendant.

### Same—Easements.*

In such a case the existence of the tannery and the pollution of the stream created an easement over the servient lot, bought by the plaintiff, in favor of the dominant tenement retained by the defendant, and an action for nuisance will not lie where the nuisance complained of is an easement.

### Joint Tenants—Creation of Easements—Objection by Third Party.

One joint tenant cannot create an easement or servitude upon the common estate injurious to the interests of his co-tenant, but if such co-tenant does not object no one else can.

The opinion states the case.

Error from circuit court of Rockingham county.

---

*See monographic note on "Easements" appended to Hardy *v.* McCullough, 23 Gratt. 251 (Va. Rep. Anno.).

*Robert Johnson* and *Sheffy & Bumgardner*, for appellant.

*F. A. Dangerfield* and *G. G. Grattan*, for appellee.

STAPLES, J., delivered the opinion of the court.

This is an action of trespass on the case for a nuisance in polluting a stream of the plaintiff by means of a steam tannery owned by the defendant. There was a verdict and judgment for the plaintiff in the court below, to which the defendant applied for and obtained a writ of error and supersedeas from the court. It appears from the certificate of the presiding judge that the plaintiff purchased the land from the defendant and another ; that at the time of his purchase he was apprised that the tannery was then being built, and he was also apprised that the stream of water running through the land would of necessity be used in carrying off the impure and refuse matter discharged from the tannery. He did not know, however, that the enlargement of the tannery would increase the pollution of the water. And here the question might arise whether the plaintiff, as a purchaser of the property, in the exercise of ordinary prudence, ought not to have known that the necessary consequence of enlarging the tannery would be to increase the pollution of the stream, and he was therefore buying property subject to an easement or servitude necessary to his vendor. Let it be conceded, however, that he made the purchase in ignorance of the nuisance arising from the enlargement of the tannery, and that his acquiescence in the construction of the tannery was no acquiescence in the nuisance. Addison on Torts, 317. Hilliard on Torts, 111, n. Still he knew of the pollution of the water as early as September, 1872, for at that time the tannery was in full operation. With that knowledge, with the fact of the nuisance plain and palpable to his sight, he proceeded with the payment of the purchase money dur-

ing the years 1872, 1873, 1874 and 1875, without objection, and in August, 1875, he accepted a deed for the land also without objection. Nor does it appear that he ever at any time until after. he had obtained his deed experienced any dissatisfaction at the enlargement of the tannery or the increased pollution of the water.

The defendant therefore might justly conclude that the plaintiff was willing to complete the purchase and accept a deed for the property in the condition it was in at the time of the conveyance.

It had been held in numerous cases that the purchaser may, if he pleases, elect to take what the vendor can give him, though it may not be all he contracted for, and if with full information, he chooses to confirm a contract which he had the right to rescind, he will be bound by it, and no new consideration is necessary to render the confirmation binding. Thus, where an estate sold as freehold and leasehold attached, turned out to be nearly all leasehold, and this clearly appeared as a defect which could not be cured, and the purchaser continued to treat, up to and long after the day for concluding the purchase, he was held to have waived the objection.　Fordy et als. v. Ford, 4 Brown C. C., p. 470. Fry on Specific Performance, p. 468.　In Campbell v. Fleming, 28 Eng. Ch. Law Rep. 29, it was held that if a party be induced to purchase an article by fraudulent representation of the seller respecting it and after discovering the fraud, continued to deal with the article as his own, he cannot recover back the money from the seller.　In that case it was said that so soon as the purchaser discovered the fraud practised on him, he ought to have made his stand.

The principle of the cases is that if the purchaser knows when he makes his contract that there is a defect in the title or if he acquires this knowledge after his purchase and still proceeds in the execution of the contract, he cannot after-

wards complain upon this point. The case of Goddin v. Vaughn, 14 Gratt. 102–125, is complete authority.

I think the same principle must control the present case. The plaintiff, at the time of his purchase, knew that the stream running through the land had been partially polluted by the tannery upon the lands of the defendant. He knew that a new and enlarged steam tannery was then being erected by the defendant at great expense, and although he did not know, as he declares, that the effect would be to increase the pollution of the water, he certainly knew the fact very soon after his purchase, and with this knowledge he proceeded with the execution of the contract by continuing in the possession of the property, making all the payments without objection, and finally, after the lapse of three years, accepting a deed without a hint that he was dissatisfied with the property in its then condition. The effect of his present claim, if successful, will be the abatement of the tannery erected at a loss exceeding perhaps five times the value of the property.

The deed executed by the defendant to the plaintiff, contains a covenant against all encumbrances, and if this were an action upon that covenant, the question might arise whether an easement upon the land conveyed is a breach of the covenant against encumbrances. The plaintiff is not, however, suing upon the covenant, but in an action of trespass on the case for a nuisance. Can he maintain the action? Is an easement to be considered a nuisance, which was upon the property at the time of the conveyance, and the existence of which was then well known to the grantee?

The doctrine is now well settled, certainly in the United States, that on the conveyance of one of several parcels of land, belonging to the same owner, there is an implied grant, or reservation, as the case may be, of all apparent or continuous easements or incidents of property, which have been

created or used by him during the unity of possession, though they would then have had no legal existence apart from his general ownership. The same rule applies as to reviving an easement by conveying one of the estates, whether the parcel conveyed be the dominant or servient estate. If it be the dominant, the easement on the other passes as appurtenant to it. If it be the servient, the easement is created in favor of the dominant, remaining in the grantor's hands by reservation. See 101 Eng. C. Law Rep., 586 ; Note to Pearson v. Spencer ; Washburn on Easements, 73–4, 80 ; Rawle on Covenants of Title, 112,113.

In Dunklee v. Wilton R. R., 4th Foster, 489, a well-considered case, where many decisions are cited, Bell, J., said, that property conveyed passes in its existing state subject to all existing easements and burdens of a similar nature in favor of the other lands of the grantor which are apparent, and which result naturally from the relative situation of the land, and from the natural construction and intended use of the buildings, mills, etc., upon it, and their situation and connection with other property, as they were usually enjoyed at the time of the conveyance. Tibert v. Teran, 8 Penn. St. Rep. 353, 357. In Scott v. Bentil, 23 Gratt. p. 1–7, the rule was declared to be that where the servient estate is granted and the dominant estate reserved, the easement received by implication must be one that is apparent and continuous, such as is indicated by the premises at the time of sale, and it must be one strictly of necessity, so that another cannot be substituted at a reasonable expense.

It has been insisted, however, that these doctrines cannot apply in the present case, because at the date of the original contract of sale, the easement now claimed was not in existence, and we must look, not to the execution of the deed, but to the date of the contract to ascertain the rights of the parties. If this was a suit in equity, the argument would

have more force, because in equity the purchaser is recognized as the owner of the property from the day of sale, but at common law a contract to sell or convey land is treated as a mere personal contract, the breach of which is to be redressed in damages, only until a conveyance is made.    The common-law courts look upon the vendor as still continuing the owner, and the purchaser, as a mere tenant at will, liable at any time to be turned out of possession upon demand and notice.    2 Lomax Digest, 95.

When, therefore, on the 14th of May, 1872, the plaintiff entered into the contract with the defendant, for the purchase of the land, he acquired thereby no title or interest which now can be enforced or recognized in the common-law courts.    It was not until the 13th of August, 1875, the date of the execution of the deed, the plaintiff acquired an interest in the land, which would be the subject of an action at law.    The plaintiff cannot go behind his deed for any purpose in this case, because he is only a purchaser from the date of the deed.    It is therefore not to the contract of purchase, but to the conveyance of the legal title, we must look to ascertain the legal condition of the property, the easements to which this property is subject, and thus to determine the rights and liabilities of the respective parties in this action. I think, therefore, if the plaintiff has a remedy at all, he is not before the proper tribunal to assert it.

It was insisted, however, that the defendant was a joint tenant with Irick, that he could not impose an easement or servitude upon the land prejudicial to his co-tenant, and that the plaintiff, by his purchase and deed, stands in the shoes of Irick with all the rights of the latter.    It is very true that one tenant in common or joint tenant is not permitted to create an easement or servitude upon the common estate, injurious to the interests of a co-tenant.    But if the latter does not complain, no one else can.    In this case, it

does not appear that Irick ever made any objection to the erection of the new tannery or to the use of the stream in connection with it.   It is very clear that neither Irick nor the defendant, when they made the conveyance, had the least suspicion that the plaintiff intended to raise any objection on account of the pollution of the stream.   However that may be, when the plaintiff accepted the deed for the land, that acceptance enured to the benefit of the defendant as well as of Irick.   A surrender to one of two joint tenants is a surrender to both ; the possession of one is the possession of both ; the entry of one is the entry of both, and so an act for the benefit of both is equally for the benefit of each. As against the plaintiff, the defendant may claim the protection of every estoppel or waiver he would be entitled to as sole grantee in the deed.

For these reasons, my opinion is that the judgment of the circuit court is erroneous, and must be reversed, the verdict set aside and a new trial awarded the defendant.