IVAN A. ROBINSON *v.* SOUTH PENN OIL COMPANY

(No. 7150)

Submitted March 30, 1932.   Decided April 12, 1932.

*Charles Powell, Kemble White, A. F. McCue,* and *Harold M. Garrett,* for plaintiff in error.

*W. M. Hess,* for defendant in error.

LIVELY, JUDGE:

Plaintiff sued defendant company for damages to his sheep from drinking salt water drained from defendant's tanks onto plaintiff's land, and obtained verdict and judgment · for $135.58, from which defendant prosecutes error.

In 1890, defendant owned in fee the land involved and produced oil therefrom in ten wells.   These wells produced

oil mixed with salt water which came from the oil bearing strata. The oil was separated from the salt water by means of tanks on the land. The salt water being of heavier specific gravity settled at the bottom of the tanks, and the oil gravitated to the top. The salt water was then drained from the bottom of the tanks onto the land and flowed thereon as any other water. It is undisputed that this method was the usual and only known practicable method of making the separation. While the oil was thus produced and separated from the salt water defendant conveyed the surface of the land to James H. Furbee, in the year 1896, subject to its operations for oil and its mining rights. By subsequent conveyances, the land thus encumbered was conveyed to B. F. Hibbs, the father-in-law of plaintiff, Ivan Robinson. Since the beginning of the oil operation in 1890, until the time of this suit, the salt water has been separated from the oil and discharged on the land in the manner above set out. Six of the wells had become unproductive and were abandoned. The other four are still in operation, and well No. 9 produces considerable oil and salt water. About two years before the institution of the suit, and the alleged damage, plaintiff began to pasture sheep on the land. In the winter of 1930, some of the sheep sickened and died, and plaintiff attributes the cause of their death to the salt water from well No. 9. He claims that they drank the salt water in that year. There was evidence that the sheep had worms that winter and that they had been given the usual remedy, but without beneficial effect. However, the verdict indicates that the salt water caused the sickness and death and that defendant was in some way negligent in exposing the salt water where the sheep could drink it. Plaintiff's counsel argues that defendant's disposition of the salt water was not reasonable, and in disposing of it in the manner above set out, defendant did not use due care to avoid the injury to the sheep.

Was the method reasonable? What duty, if any, did defendant owe to plaintiff with respect to the discharge of the salt water on the land?

That the method of separating the oil and salt water was reasonable, proper and the only practicable method known

is not disputed. Nor is it disputed that this method was followed without change for about 35 years from the inception of the oil operations to the time plaintiff put his sheep on the land. When the present land owner purchased the surface he was charged with notice of the mining rights of defendant therein and the method pursued by it to separate the water and oil. *Upman* v. *Lowther Oil Co.*, 53 W. Va. 501, 513, 44 S. E. 433. He took the land thus burdened. The plaintiff, his lessee and son-in-law, was also bound to take like notice. ''Actual possession of real estate is notice to purchaser of the rights of him in possession.'' *Upman* v. *Lowther Oil Co., supra*, 11th pt. syl.; *Mills* v. *McLanahan*, 70 W. Va. 288, 73 S. E. 927; *Heck* v. *Morgan*, 88 W. Va. 115, 106 S. E. 413. When he turned his sheep on the land he took the risk of injury to them from the salt water which was exposed. We can see no duty, under the undisputed facts, upon defendant to pipe the water off the land or retain it in tanks or otherwise change its reserved, established and known method of which plaintiff had notice.

Plaintiff's predecessors in title having contracted that defendant should continue to take out its oil, and use the surface for that purpose, the injury here complained of (if the exposed salt water caused it) is *damnum absque injuria*. The familiar principle that one must use his property in such manner as not to injure another, does not apply where that other has contracted away his right to complain because of such use. *Continental Coal Co.* v. *Connellsville, etc.*, 104 W. Va. 44, 138 S. E. 737; *Kuhn* v. *Coal Co.*, 66 W. Va. 711, 743; *Lowenbach* v. *Switzer*, 1 Va. Dec. 141; *Marvin* v. *Brewster*, 55 N. Y. 138, 14 Am. Repts. 322. Under the undisputed facts, the law is for defendant, and it was entitled to its peremptory instruction. It is unnecessary to discuss the other five points of error, some of which appear to be well taken.

The judgment is reversed, verdict set aside and a new trial awarded.

*Reversed; verdict set aside; new trial awarded.*